# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-2055V
UNPUBLISHED

| | |
|---|---|
| CHERYL FAJGE,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 3, 2023<br><br>Motion for decision; Dismissal; Influenza Vaccine; Shoulder injury related to vaccine administration (SIRVA) |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On December 30, 2020, Cheryl Fajge filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") from an influenza vaccine she received on September 21, 2020. ECF No. 1.

On December 15, 2022, Petitioner filed a motion for a decision dismissing the petition. ECF No. 33. For the reasons set forth below, Petitioner's motion is **GRANTED**, and this case is **DISMISSED**.

Petitioner gradually filed medical records and other required documentation and eventually submitted a Statement of Completion on June 28, 2021. ECF No. 18.

After Pre-Assignment Review ("PAR"), a scheduling order issued on November 15, 2021, indicating that Petitioner had not filed sufficient medical records to establish

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

severity requirement. ECF No. 20. Petitioners must establish this requirement with evidence that the vaccine related injury (1) persisted for more than six months, (2) caused the vaccinee's death, or (3) resulted in inpatient hospitalization and surgical intervention. 42 U.S.C. § 300aa—11(c)(1)(D)(i).

On January 16, 2022, Petitioner filed a status report stating that "Counsel for Petitioner does not believe there are any additional medical records" and requested additional time to discuss with Petitioner "how she wishes to proceed." ECF No. 22. On March 10, 2022, Petitioner filed a status report requesting additional time to either "file additional evidence to support her claim, or a motion to dismiss." ECF No. 24.

On December 15, 2022, Petitioner filed a motion for a decision dismissing the petition noting Petitioner's initial treatment for her shoulder injury but stating that "Petitioner's medical records did not mention any ongoing left shoulder symptoms." ECF No. 33 at 1-2.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the listed vaccines, or 2) that the vaccinee suffered an injury not on the Table that was actually caused by a listed vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Petitioner alleged a Table claim, i.e., that her shoulder injury was caused by the influenza vaccination.

Under the Vaccine Act, petitioners must satisfy various requirements, including the severity requirement. Based on a review of the filed medical records, Petitioner has not submitted any records to support that her shoulder injury persisted for more than six months or that the injury resulted in inpatient hospitalization and surgical intervention. 42 U.S.C. § 300aa—11(c)(1)(D)(i). Moreover, Petitioner admitted in the motion to dismiss that she would not be able to establish entitlement to compensation in the Vaccine Program.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."