# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-2055V**

|  |  |
|---|---|
| CHERYL FAJGE,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 10, 2025 |

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.*

### <u>DECISION ON ATTORNEY'S FEES AND COSTS</u>[1]

On December 30, 2020, Cheryl Fajge filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving the influenza vaccine on September 21, 2020. Petition at 1, ¶ 2.

Petitioner has moved for a final award of fees in this case, which was voluntarily dismissed in 2023. However, for the reasons set forth below, I find that Petitioner has failed to establish there was a reasonable basis for her claim. Thus, she is not entitled to an award of attorney's fees and costs, and the fees motion is denied.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

## I.    Relevant Procedural History

Along with the Petition, which sets forth only the basic elements of her claim (and was initiated *prior* to the expiration of the six-month period post-vaccination),[3] Ms. Fajge filed an incident report from the pharmacy where she received the vaccination, as well as some of the medical records required by the Vaccine Act. Exhibits 1-3, ECF No. 1; *see* Section 11(c) (required medical records). Over the subsequent 23-month period, Petitioner filed a signed statement[4] and additional medical records. Exhibits 4-8, ECF Nos. 7, 10, 13, 17.

On December 15, 2022, Petitioner filed a motion requesting a decision dismissing her case. ECF No. 33. Specifically, Petitioner acknowledged that "[u]pon further review, [her] medical records did not mention any ongoing left shoulder symptoms" (*id.* at ¶ 5) and she understands that "a claimant must demonstrate that their injury persisted for longer than 6 months, and that a special master cannot rely on the statements of a petitioner alone" (*id.* at ¶ 6). Petitioner's motion was granted, and her case was dismissed on August 3, 2023. ECF No. 34. Judgment entered on August 4, 2023. ECF No. 37.

On January 19, 2024, Petitioner filed a motion seeking a total of $13,395.68 in attorney's fees and costs. Petitioner's Application for Attorney's Fees, ECF No. 39. Petitioner did not address the requirements of good faith and reasonable basis and provided no additional information regarding the merits of his case and reason for the requested dismissal. *Id.* Maintaining that Petitioner has failed to establish there was a reasonable basis for his claim, Respondent opposes Petitioner's request. Respondent's Objection to Motion ("Opp."), filed Feb. 26, 2024, ECF No. 40.

---

[3] Petitioner likely filed the Petition earlier than usual due to the proposed removal of SIRVA from the Vaccine Injury Table. On July 20, 2020, the Secretary of Health and Human Services proposed the removal of SIRVA from the Vaccine Injury Table. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Proposed Rule, 85 Fed. Reg. 43794 (July 20, 2020). The proposed rule was finalized six months later. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Final Rule, 86 Fed. Reg. 6249 (Jan. 21, 2021). Approximately one month later, the effective date for the final rule was delayed. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Delay of Effective Date, 86 Fed. Reg. 10835 (Feb. 23, 2021) (delaying the effective date of the final rule until April 23, 2021). On April 22, 2021, the final rule removing SIRVA from the Vaccine Table was rescinded. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Withdrawal of Final Rule, 86 Fed. Reg. 21209 (Apr. 22, 2021).

[4] The declaration was not notarized or signed under penalty of perjury as required by 28 U.S.C.A. § 1746. Exhibit 7.

## II.   Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[5] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

---

[5] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II")*, *aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. Reasonable basis for a claim at the time of filing may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

At issue here, Vaccine Act Section 11(c)(1)(D)(i) requires the establishment of an injury and residual effects lasting for over six months after the date of vaccination. This is a threshold requirement for entitlement. *Black v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 546, 550 (1995) (reasoning that the "potential petitioner" must not only make a *prima facie* case, but clear a jurisdictional threshold, by "submitting supporting documentation which reasonably demonstrates that a special master has jurisdiction to hear the merits of the case"), *aff'd*, 93 F.3d 781 (Fed. Cir. 1996) (internal citations omitted).

### III.    Analysis – Reasonable Basis

Respondent argues that Petitioner's claim lacks the requisite reasonable basis for such an award. Opp. at 3-8. Listing the *prima facie* elements for which objective evidence needs to be provided (*id.* at 5 n.5 (citing *Cottingham I*, 971 F.3d at 1345-46)), he maintains that "Petitioner has not established a reasonable basis for her petition because she has not submitted sufficient evidence to support a basic, critical element of her claim – that she experienced the residual effects of her alleged injury for greater than six months or otherwise met the requirements set forth in [Section] 11(c)(1)(D)(i)." *Id.* at 6. He asserts that "Petitioner's claim lacked a reasonable basis when filed and throughout its

pendency." *Id.* at 7.

When Petitioner discovered that she was unable to satisfy the Vaccine Act's severity requirement, she voluntarily dismissed her claim. But regardless of such evident good faith in acting promptly to end a facially-deficient claim, she has offered no evidence to demonstrate the *objective* reasonable basis required for an attorney's fees and cost award.

The fact that Petitioner may have filed this case prematurely due to the proposed removal of SIRVA from the Vaccine Injury Table is highly relevant to whether this petition was initiated in good faith – but does not bear on the objective reasonable basis of the claim. Moreover, the Circuit and the Court have both plainly noted that determinations by counsel to "rush" filings, in order to evade a looming limitations cut-off, do not constitute the kind of objective proof in support of a claim required to satisfy the reasonable basis standard. This is so even though an attorney may have an otherwise-reasonable and good-faith intent to assist a client generally, or avoid a claim becoming stale.

In *Simmons*, the Federal Circuit clearly held that the pending expiration of the Vaccine Act's statute of limitations would not convey a reasonable basis which would otherwise not exist, and that efforts to "beat the clock" in a filing should be considered only when determining whether good faith exists. *Simmons,* 875 F.3d at 636. And any rush to file a claim while still a viable Table claim, is even *less* compelling than the argument advanced by the *Simmons* petitioner. Unlike the Vaccine Act's statute of limitations, which would prohibit any claim filed after its expiration, the removal of SIRVA from the Table would *not* prevent a petitioner from filing a causation-in-fact claim that was otherwise timely (i.e. filed within 36 months of onset). Because in this case Petitioner alleged receipt of a vaccine in September 2020, a non-Table claim would still have been viable as late as September 2023 – assuming onset in that same month.

The present record does not demonstrate the reasonable basis required for an attorney's fees and cost award. The record contains no objective evidence establishing that her symptoms continued six-months post-vaccination as she may have expected at the time of the Petition's filing. In such circumstances, the Act places the risk of filing the claim on counsel, and does not allow an award of fees.

## Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs even to an unsuccessful litigant as long as the litigant establishes the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought. Section 15(e)(1). In this case, Petitioner has not established there was a

reasonable basis for filing his claim and there is evidence that good faith may also be lacking. **Petitioner's motion for attorney's fees and costs is <u>DENIED</u>.**

The clerk of the court is directed to enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.